```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

J.M., A MINOR, BY AND THROUGH
V.M., HER NATURAL MOTHER, AND V.M.                       PLAINTIFF

VS.                              CIVIL ACTION NO. 3:07CV492TSL-JCS

HAROLD EPPS, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITIES,
STEVEN BAILEY, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITIES, DR.
PERCY WASHINGTON, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITIES, AND
HOLMES COUNTY SCHOOL DISTRICT                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiffs J.M., a minor, by and through V.M., her natural mother, and V.M., filed suit in the Circuit Court of Holmes County, Mississippi seeking to recover damages for an alleged sexual assault on J.M., a minor, by Harold Epps, an employee of the Holmes County School District, during a school band function in which Epps was assigned as a chaperone. Among other causes of action pled in their state court complaint, plaintiffs asserted a claim for negligence per se, in which they alleged that "Defendants intentionally and/or negligently violated Mississippi and federal statutory law as well as the Mississippi and United States Constitution." Further, plaintiffs purported to seek "all damages allowed by Mississippi and federal law."

Defendants timely removed the case on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1446. A week following removal, plaintiffs amended their complaint to delete any reference to federal law, following which they moved to remand. Defendants have responded in opposition to plaintiffs'

motion to remand, arguing that the case was properly removed because plaintiffs clearly alleged federal law claims in their state court complaint.  Notwithstanding that removal was proper, however, the court is of the opinion that the case should be remanded pursuant to 28 U.S.C. § 1367(c)(3), which provides that the district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction."  Thus, "[e]ven if the original complaint arguably invokes federal question jurisdiction, the court has discretion to remand this cause since the purported federal claim has been extinguished."  Johnson v. Parker Tractor & Implement Co., Inc., No. 2:95CV157-B-O, 1996 WL 33370651, at 1 (N.D. Miss. 1996).  See also Buchner v. Fed. Deposit Ins. Corp., 981 F.2d 816, 820 (5th Cir. 1993)(recognizing that Supreme Court has held that a district court has discretion to remand a case "in which all of the federal law claims were dropped by the plaintiff after removal, leaving only pendent state law claims").  Here, similar to Johnson, supra, the plaintiffs filed their amended complaint promptly following removal, and moved to remand shortly thereafter, so that "the court has not expended significant judicial resources in this action."  1996 WL 33370651, at 1. Thus, "[a]ssuming arguendo that the court had subject matter jurisdiction at the time of removal, the court finds that the factors of judicial economy, convenience, fairness and comity weigh in favor of remand."  Id.

2

Accordingly, it is ordered that in keeping with the authority granted by § 1367(c)(3), this case is remanded to the Circuit Court of Holmes County, Mississippi.

SO ORDERED this 19th day of October, 2007.

        /s/ Tom S. Lee
        UNITED STATES DISTRICT JUDGE